**Mark Heino v. USA**                    CV-97-201-B    08/20/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Mark Heino

    v.                                    Civil No.  97-201-B

United States of America

**O R D E R**


Mark Heino attacks his conviction through a motion filed pursuant to 28 U.S.C. § 2255 (West Supp. 1997).  Attorney Brian McMenimen originally represented Heino.  On October 30, 1992, the government filed a motion attempting to have Attorney McMenimen disqualified on the ground that "there is a conflict between the interests of McMenimen and Underhill [counsel for one of Heino's co-defendants] in protecting their professional reputations and their obligation zealously to defend the interests of Mark Heino and Sheehan [the co-defendant represented by Underhill]."

The government based its conflict of interest claim on tape recordings of several conversations involving Steven Sek (one of Heino's co-conspirators), Heino, Sheehan, McMenimen, and

Underhill. Sek secretly made the recordings while he was acting as a government informant. According to the government, neither McMenimen nor Underhill could remain as trial counsel because the government planned to use the tapes during the trial even though they implicated both lawyers in unethical and/or criminal conduct.

Before a hearing could be held on the motion to disqualify, Attorney Peter Lahey entered an appearance as Heino's co-counsel. At the same time, Lahey informed the court that Heino wished to plead guilty. Consequently, a guilty plea hearing was held before Judge DiClerico on November 20, 1992.

Judge DiClerico began the hearing by extensively questioning Heino, McMenimen and Lahey on the issues raised by the government's motion to disqualify. Judge DiClerico established during his questioning that: (1) Heino was fully aware of the issues raised by the motion to disqualify but nevertheless wished to proceed with the guilty plea hearing with Lahey acting as his counsel; (2) McMenimen played no part in Heino's decision to plead guilty; and (3) Lahey was uninvolved in the conduct that gave rise to the government's motion to disqualify. After ascertaining this information, Judge DiClerico concluded that

> The court is satisfied that Mr. Heino is receiving independent legal advice from Mr. Lahey and his

2

interests in this matter are adequately and competently being represented by Mr. Lahey.

Accordingly, Judge DiClerico took Heino's guilty plea with Lahey acting as his counsel. The record of the guilty plea hearing amply supports Judge DiClerico's conclusion that Heino knowingly, voluntarily, and intelligently decided to plead guilty with Attorney Lahey acting as his counsel.

Heino's sentencing hearing was continued at his request because he was attempting to earn a substantial assistance departure. On June 21, 1993, however, Heino filed a motion to withdraw his guilty plea arguing that the government had breached the plea agreement. Four days later, Heino filed a letter with the court asking that a new attorney be appointed to represent him.

I held a hearing on Heino's motion to withdraw his guilty plea and his request for new counsel on June 29, 1993. Instead of ruling on the motion to withdraw, I granted Heino's request to appoint new counsel because I concluded that he had lost confidence in Lahey. Because I determined that Heino should receive a new attorney, I also continued the sentencing hearing and deferred a ruling on his motion to withdraw his guilty plea. Thereafter, Attorney Glenn Geiger was appointed to represent Heino.

After taking several months to meet with Heino and investigate the case, Geiger filed a motion to withdraw Heino's motion to withdraw his guilty plea. I granted Geiger's motion in a margin order and directed the clerk to schedule the case for sentencing.

At the beginning of the January 26, 1994 sentencing hearing, I engaged in the following colloquy with Heino:

> All right. Mr. Heino, as you know, we're here today to sentence you; to review the history of the case. As I understand it, you originally pleaded guilty before another judge. Prior to sentencing you filed a motion to withdraw your guilty plea. I appointed new counsel for you to help you evaluate whether you wanted to persist in that motion. After consulting with Mr. Geiger you decided that you did wish to proceed with the sentencing in the case and your attorney filed a motion to withdraw your motion to withdraw the plea, which I granted, and therefore we are here today to sentence you on the offense to which you have pleaded guilty. Let me just verify from your own mouth that that is what you want to have happen today. Is that correct?
> THE DEFENDANT: Yes, sir.

I then proceeded to sentence Heino to a term of imprisonment of 293 months.[1]

---

[1] By pleading guilty and accepting responsibility for his offense, Heino earned a three-level reduction in his offense level. Further, I granted the government's motion for a substantial assistance departure and gave Heino an additional one-level reduction. These offense level reductions changed Heino's guideline sentencing range from 360 months to life to 235 months to 293 months.

Heino now argues that his conviction and sentence should be vacated because: (1) Lahey, Heino's attorney when he entered his guilty plea, was impaired by an impermissible conflict of interest; (2) Geiger, who filed the motion to withdraw the motion to withdraw the guilty plea, acted without Heino's permission and contrary to his interests; and (3) both attorneys failed to pursue a meritorious motion to dismiss based on prosecutorial misconduct. I address each argument in turn.

## I.   Was Lahey Impaired by an Impermissible Conflict of Interest?

Heino suggests that Lahey was affected by an impermissible conflict of interest because McMenimen hired Lahey to represent Heino and McMenimen's interests were at that point in conflict with Heino's. Although the First Circuit Court of Appeals has not addressed the precise question presented by this highly idiosyncratic set of facts, it has recently considered and rejected a conflict of interest claim based on the fact that a defendant's counsel fees had been paid by a co-defendant. Bucuvalas v. United States, 98 F.3d 652, 657 (1st Cir. 1996). I find the court's reasoning in Bucuvalas to be equally persuasive here. Judge DiClerico carefully questioned Attorney Lahey at Heino's guilty plea hearing and made a finding that Attorney Lahey was providing Heino with independent and competent legal

5

advice.  The mere fact that McMenimen hired Lahey to act as local counsel does not call this finding into question.  Thus, regardless of whether McMenimen was affected by an impermissible conflict of interest, that conflict does not prevent Lahey from providing the kind of independent legal advice on which Heino based his decision to plead guilty.

## II. Did Attorney Geiger File the Motion to Withdraw Heino's Motion to Withdraw his Guilty Plea Without Heino's Permission?

Heino argues that he never authorized Geiger to withdraw the motion to withdraw the guilty plea.  He further claims that he went to the January 26, 1994 sentencing hearing with the expectation that his attorney would somehow transform the sentencing hearing into a hearing on the motion to withdraw the guilty plea.  I categorically reject Heino's claims.  First, Attorney Geiger credibly testified that he discussed the merits of the motion to withdraw with Heino and that he filed the motion only after obtaining Heino's permission.  Second, before I sentenced Heino, I reminded him that Geiger had withdrawn the motion to withdraw the guilty plea, and I confirmed from Heino that he wished to proceed with the sentencing hearing.  In the face of this evidence, Heino's claim that Geiger withdrew the motion without his permission is simply incredible.  In short, I

6

find that Geiger discussed the motion to withdraw with Heino and obtained his consent to withdraw the motion to withdraw the guilty plea.

III. **Were Heino's Attorneys Constitutionally Ineffective by Failing to Pursue on his Behalf a Motion to Dismiss Based on Prosecutorial Misconduct?**

Heino's final argument is that his attorneys were ineffective because they failed to pursue a motion to dismiss the indictment based on prosecutorial misconduct. Heino argues that the government interfered with his attorney-client relationship and denied him of his right to counsel by having Sek record conversations which included Heino and McMenimen, thereby manufacturing a conflict of interest which made McMenimen a potential trial witness and required McMenimen to withdraw. Heino argues that had either Lahey or Geiger pursued prosecutorial misconduct charges, his indictment would have been dismissed. Assuming without deciding that the government committed prosecutorial misconduct by depriving Heino of his Sixth Amendment rights, I nonetheless reject Heino's argument that his attorneys' assistance was ineffective.

Before I turn to the merits of Heino's claim, it is important to identify certain matters that are not in serious dispute. First, Heino does not contend that the government would

7

lack sufficient evidence to either indict or convict Heino if all evidence derived from the Sek recordings was suppressed.  Indeed, as is evidenced by the transcript of the trial of Heino's co-defendant Robert Hahn, the government had overwhelming evidence of Heino's guilt which was obtained independently of the the Sek recordings.  Second, if as Heino claims, the government obtained the evidence it used to support its motion to disqualify McMenimen in violation of Heino's Sixth Amendment rights, any harm resulting from that violation could be fully redressed by suppressing any evidence illegally obtained and allowing McMenimen to continue as Heino's counsel if that was his wish after being fully informed of the consequences of such a decision.  Thus, a motion to dismiss based on prosecutorial misconduct could succeed only if existing precedent permits the dismissal of an indictment for a Sixth Amendment violation even though dismissal is not required to remedy any resulting prejudice.  Unfortunately for Heino, existing law provices no support for his position.

The United States Supreme Court addressed this issue in United States v. Morrison, 449 U.S. 361 (1981).  There, the defendant argued that dismissal of the indictment with prejudice was required because federal agents had interfered with the

8

defendant's Sixth Amendment right to counsel.  In rejecting the claim, the court assumed that a Sixth Amendment violation had occurred, but held that dismissal was inappropriate where a remedy short of dismissal could be crafted to redress the Sixth Amendment violation.  Id. at 365-67.  The principle articulated in Morrison remains good law and forecloses Heino's claim that his indictment would have been dismissed if only his lawyers had only pursued a motion to dismiss based on prosecutorial misconduct rather than advising him to plead guilty.  See, e.g., United States v. Edgar, 82 F.3d 499, 506 (1st Cir.) (dicta), cert. denied, 117 S. Ct. 184 (1996); United States v Moskovits, 86 F.3d 1303, 1308 (3d Cir. 1996), cert. denied, 117 S. Ct. 968 (1997); Brown v. Doe, 2 F.3d 1236, 1245 (2d Cir. 1993).

In this case, Heino avoided the very serious likelihood of a life sentence by his decision to proceed with his guilty plea and cooperate with the government.  Had he chosen an alternate path there is virtually no chance that he could have obtained the dismissal of his indictment or an acquittal after a trial.  Under the circumstances, it would hardly be ineffective assistance of counsel for Heino's lawyers not to have pursued a line of defense

9

that had no hope of ultimate success.[2]

## **CONCLUSION**

For the reasons set forth in this order, Heino's § 2255 motion is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 20, 1997

cc:　Thomas G. Murray, Esq.
　　　Glenn R. Milner, Esq.
　　　Peter E. Papps, Esq.

---

[2]　In light of these conclusions, I need express no opinion concerning the timeliness of Heino's § 2255 petition.